IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**DAWN MARSHALL,**

    **Petitioner,**

**vs.**                                          Case No. 4:07cv467-SPM/WCS

**WARDEN PAIGE AUGUSTINE,**

    **Respondent.**

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus with supporting memorandum. Docs. 1 and 2. The Government filed a response, doc. 6, and Petitioner filed a reply. Doc. 8.

The court directed additional argument in light of the Second Chance Act of 2007, effective April 9, 2008 (hereafter the Second Chance Act or Act). Doc. 10. Respondent filed a supplement, to which Petitioner filed a rebuttal. Docs. 11 and 12. The court entered another order, discussing the effect of the Second Chance Act and possible mootness of this case. Doc. 13. That order is incorporated herein by

reference. *See Id.,* p. 11, n. 10 (anticipating the order would be incorporated in the recommendation, and that objections could be made to the recommendation).

As set forth there, Petitioner claimed that the discretion of the Bureau of Prisons (BOP) to place a prisoner in a Community Correctional Center (CCC), Residential Re-entry Center (RRC) or a halfway house under 18 U.S.C. § 3521 was not subject to the time limits of 18 U.S.C. § 3624(c), and limitations set by the (BOP) were invalid. *Id.*, pp. 1-2.

Pursuant to 28 C.F.R. § § 570.20 and 570.21, the BOP previously limited RRC placement eligibility to the last 10% of a sentence, not to exceed six months. *Id.*, pp. 5-6. The Second Chance Act amended § 3621(a) and § 3624(c); in accordance with the amendments, the BOP is not currently following § § 570.20 and 570.21. *Id.*, pp. 7-8. BOP staff are now to review inmates for RRC placement 17-19 months before their projected release dates, and inmates are to be individually considered using the five factors in § 3621(b). *Id.* The criteria set forth in BOP Program Statement (PS) 7310.04 or other policy does not, at the current time, automatically preclude Petitioner's RRC placement. *Id.*

In light of all of these developments, the court believed the current petition was moot, and that challenges to any decision made pursuant to the Second Chance Act were not yet ripe because Petitioner had not been denied placement beyond six months. *Id.*, pp. 9-11. According to the Government, an RRC assessment has been made by the Unit Team, forwarded through institutional channels, and is being reviewed by the warden; an RRC placement date has not been set. Doc. 14 and attachment.

Petitioner responds that the BOP's policy is to waste time until the issue becomes moot, and is not making a good faith effort to comply with the Second Chance Act.  Doc. 15, p. 1.  Petitioner supplies a copy of an email quoting BOP Director Lappin as saying there would be no "wholesale move to increase halfway house time to more than six months" under the Act, "reasoning that 'studies' show that for most inmates more than six months . . . is counterproductive."  Doc. 15, attachment.  Lappin indicated that such a placement was more expensive than placement in a low security or camp facility.  *Id.*  He also said that inmates would be considered on a "case-by-case basis."  *Id.*  Petitioner claims that the BOP is making up statistics, and "submit[s] that the real reason the BOP is refusing to comply with the Second Chance Act is instead based on cost."  Doc. 15, p. 2.

Petitioner asserts that on July 18, 2008, her Unit Team recommended an RRC placement for 120-180 days, but did not consider the five factors of § 3621(b).  *Id.*  Petitioner claims that Mr. Duris of her Unit Team "even admitted they don't have to follow that criteria."  *Id.*  She asks the court to use its contempt power to order FCI Tallahassee officials to comply with the Second Chance Act, claiming there is still no Program Statement for inmates to read about it, "and Ms. Barefoot [presumably employed at FCI Tallahassee] indicated they were told not to place any such statement in the law library."  *Id.*  But Petitioner was supplied with the supplemental response (doc. 11), attached to which was the April 14, 2008, memorandum being followed until formal regulations are issued.  There is no indication that new regulations or a new program


statement even exist, so FCI officials have not failed to comply or supply copies to inmates.[1]

Petitioner was previously denied early RRC placement, and advised she could be placed in community confinement only for the last ten percent of her sentence, not to exceed six months, transferred prior to November 18, 2008, in light of PS 7310.04 and § 570.21.  Doc. 13, p. 5.  Petitioner's appeal was rejected as untimely.  *Id.*, p. 5 and n. 3.  The RRC placement date was reassessed (according to Petitioner) on July 18, 2008, after enactment of the Second Chance Act.  The claim as raised in the § 2241 petition is moot.  *Cf.* Sparks v. Smith, 2008 WL 2509435, at * 4 - *5 (E.D. Cal. June 23, 2008) (findings and recommendation of magistrate judge) (it appeared that respondent provided all requested relief regarding RRC prerelease placement, where it had already conducted a second assessment in accordance with the Act and reaffirmed the prior assessment).  A formal decision on the July 18 assessment has not yet been made; even if it is made Petitioner must exhaust a challenge to the current RRC date.  Moreover, any challenges to the Second Chance Act, or to BOP regulations which have not even been promulgated under the Act, are not ripe for review.

Denial of the petition should be without prejudice for moot and unripe claims.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, doc. 1, be **DENIED WITHOUT PREJUDICE**.

---

[1] A review of the BOP website reveals no new program statements have been issued to supercede PS 7310.04.  The statute requires the Director of the BOP to "issue regulations pursuant to this subsection not later than 90 days" from enactment of the Act.  § 3624(c)(6).  The BOP memorandum notes that "[t]he federal regulation process (rulemaking) will take several months to complete.  Bureau staff will be informed as soon as the new regulations take effect."  Doc. 11-2, p. 3, n. 3 in the electronic docket.

**IN CHAMBERS** at Tallahassee, Florida, on August 15, 2008.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.